IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEATHERMAN TOOL GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> XIAX_7747, <br><br> Defendant. | Case No. 26-cv-01479 <br><br> **Judge John Robert Blakey** <br><br> **Magistrate Judge Young B. Kim** |

## AMENDED COMPLAINT

Plaintiff Leatherman Tool Group, Inc. ("Plaintiff" or "Leatherman") hereby brings the present action against xiax_7747 ("Defendant") and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce store operating under the seller alias xiax_7747 (the "Seller Alias"). Specifically, Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using at least the Seller Alias, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars from U.S. consumers and, on information and belief, has sold products using infringing versions of Plaintiff's federally registered trademark to residents of Illinois. Defendant is committing tortious acts in Illinois, is

engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Plaintiff to combat an e-commerce store operator who trades upon Plaintiff's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed products using infringing versions of Plaintiff's federally registered trademark (the "Unauthorized Products"). Defendant created an e-commerce store operating under the Seller Alias that is advertising, offering for sale, and selling Unauthorized Products to unknowing consumers. Defendant attempts to avoid and mitigate liability by operating under at least the Seller Alias to conceal both its identity and the full scope and interworking of its operation. Plaintiff is forced to file this action to combat Defendant's infringement of its registered trademark, as well as to protect unknowing consumers from purchasing Unauthorized Products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademark as a result of Defendant's actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff**

4. Plaintiff is a privately held corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 12106 NE Ainsworth Circle, Portland, Oregon 97220.

5. Leatherman is an American brand of multi-tools, shears, and knives founded in 1983 that is committed to bringing consumers high-quality products to help solve expected and unexpected problems in everyday life (collectively, the "Leatherman Products").

6. Leatherman has become a global success and is known as the originator and world's leading manufacturer of high-quality multi-tools. Plaintiff currently sells fifty (50) Leatherman Products in approximately eighty (80) countries and employs over five hundred (500) full-time employees.

7. The Leatherman brand is a multi-million-dollar brand, and Plaintiff spends considerable resources marketing and protecting it.

8. Plaintiff is the owner of numerous trademarks including LEATHERMAN and RAPTOR. Plaintiff has continuously sold Leatherman Products under its trademarks for many years. As a result of its long-standing use, Plaintiff owns common law trademark rights in its trademarks. Plaintiff has built substantial goodwill in and to its trademarks. In addition to common law trademark rights, Plaintiff has registered several of its trademarks with the United States Patent and Trademark Office. Leatherman Products typically include at least one of Plaintiff's registered trademarks. Plaintiff uses its trademarks in connection with the marketing of its Leatherman Products, including the following federally registered trademark which is referred to as the "LEATHERMAN Trademark."

| Registration Number | Trademark |
|---|---|
| 4,437,372 | RAPTOR |

9. The above U.S. registration for the LEATHERMAN Trademark is valid, subsisting, in full force and effect, and is incontestable pursuant to 15 U.S.C. § 1065. The registration for the LEATHERMAN Trademark constitutes *prima facie* evidence of its validity and of Plaintiff's exclusive right to use the LEATHERMAN Trademark pursuant to 15 U.S.C. § 1057(b). The LEATHERMAN Trademark has been used exclusively and continuously by Plaintiff for many

years and has never been abandoned. True and correct copies of the United States Registration Certificate for the above-listed LEATHERMAN Trademark is attached hereto as **Exhibit 1**.

10. The LEATHERMAN Trademark is distinctive when applied to the Leatherman Products, signifying to consumers that the products originate from Plaintiff and are manufactured to Plaintiff's high-quality standards. Plaintiff has ensured that products bearing its LEATHERMAN Trademark are manufactured to the highest quality standards.

11. The LEATHERMAN Trademark is a famous mark, as that term is used in 15 U.S.C. § 1125(c)(1). The innovative marketing and product designs of the Leatherman Products have enabled the Leatherman brand to achieve widespread recognition and fame and have made the LEATHERMAN Trademark one of the most well-known marks in the industry. The widespread fame, outstanding reputation, and significant goodwill associated with the Leatherman brand have made the LEATHERMAN Trademark a valuable asset of Plaintiff.

12. Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the LEATHERMAN Trademark. In fact, Plaintiff has expended millions of dollars annually in advertising, promoting, and marketing featuring the LEATHERMAN Trademark. Leatherman Products have also been the subject of extensive unsolicited publicity resulting from their high quality, performance, and innovative design. As a result, products bearing the LEATHERMAN Trademark are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. Leatherman Products have become among the most popular of their kind in the U.S. and the world. The LEATHERMAN Trademark has achieved tremendous fame and recognition which has only added to the distinctiveness of the mark. As such, the goodwill associated with the LEATHERMAN Trademark is of incalculable and inestimable value to Plaintiff.

13. Leatherman Products are sold to consumers online via the leatherman.com website, the company operated Amazon.com storefront, and through authorized retailers, including in Illinois. Sales of Leatherman Products via the leatherman.com website are significant. The leatherman.com website features proprietary content, images, and designs exclusive to the Leatherman brand.

**The Defendant**

14. Defendant is an individual and/or business entity of unknown makeup who owns and/or operates at least the e-commerce store under the Seller Alias and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendant resides and/or operates in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems or redistributes products from the same or similar sources in those locations. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

15. On information and belief, Defendant operates the e-commerce store under the Seller Alias. Tactics used by Defendant to conceal its identity and the full scope of its operation make it virtually impossible for Plaintiff to discover Defendant's true identity and the exact interworking of its infringement network. If Defendant provides additional credible information regarding its identity, Plaintiff will take appropriate steps to amend the Amended Complaint.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

16. The success of the Letherman brand has resulted in significant infringement of the LEATHERMAN Trademark. In recent years, Plaintiff has identified many fully interactive, e-commerce stores offering Unauthorized Products on online marketplace platforms including the e-commerce store operating under the Seller Alias. The Seller Alias targets consumers in this Judicial District and throughout the United States. At last count, global trade in counterfeit and

pirated goods was worth an estimated $467 billion per year — accounting for a staggering 2.3% of all imports, according to the Organization for Economic Cooperation and Development (the "OECD").[1] The primary source of all those counterfeits, the OECD and others say, is China.[2]

17. Third party service providers like those used by Defendant do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[3] Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts.[4] Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated.[5] Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters."[6]

18. Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using at least the Seller Alias, offers shipping

---

[1] *See* Press Release, Organization for Economic Cooperation and Development, *Global trade in fake goods reached USD 467 billion, posing risks to consumer safety and compromising intellectual property* (May 7, 2025), https://www.oecd.org/en/about/news/press-releases/2025/05/global-trade-in-fake-goods-reached-USD-467-billion-posing-risks-to-consumer-safety-and-compromising-intellectual-property.html.
[2] *Id.; see also Intellectual Property Rights Seizure Statistics, Fiscal Year 2024, U.S. Customs and Border Protection.*
[3] *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary.
[4] "Combating Trafficking in Counterfeit and Pirated Goods," *supra* note 3, at p. 22.
[5] *Id.* at p. 39.
[6] Chow, *supra* note 3, at p. 186-87.

6

to the United States, including Illinois, accepts payment in U.S. dollars from U.S. consumers, and, on information and belief, has sold Unauthorized Products to residents of Illinois. Screenshots evidencing Defendant's infringing activities are attached as **Exhibit 2**.

19. Defendant facilitates sales by designing the e-commerce store operating under the Seller Alias so that it appears to unknowing consumers to be an authorized online retailer, outlet store, or wholesaler. The e-commerce store operating under the Seller Alias appears sophisticated and accepts payment in U.S. dollars from U.S. consumers. The e-commerce store operating under the Seller Alias includes content and images that make it very difficult for consumers to distinguish it from an authorized retailer. Plaintiff has not licensed or authorized Defendant to use its LEATHERMAN Trademark, and Defendant is not an authorized retailer of genuine Leatherman Products.

20. The Defendant also deceives unknowing consumers by using the LEATHERMAN Trademark without authorization within the content, text, and/or meta tags of its e-commerce store to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Leatherman Products. Other e-commerce stores operating under a seller alias omit using the LEATHERMAN Trademark in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Leatherman Products.

21. E-commerce store operators like Defendant commonly engage in fraudulent conduct when registering seller aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identity and the scope of their e-commerce operation.

22. E-commerce store operators like Defendant regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendant to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

23. E-commerce store operators like Defendant are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

24. Infringers such as Defendant typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators like Defendant maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

25. Defendant is working to knowingly and willfully import, distribute, offer for sale, and sell Unauthorized Products. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the LEATHERMAN Trademark in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet.

26. Defendant's unauthorized use of the LEATHERMAN Trademark in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the federally registered LEATHERMAN Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The LEATHERMAN Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Leatherman Products offered, sold, or marketed under the LEATHERMAN Trademark.

29. Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the LEATHERMAN Trademark without Plaintiff's permission.

30. Plaintiff is the exclusive owner of the LEATHERMAN Trademark. Plaintiff's United States Registration for the LEATHERMAN Trademark (**Exhibit 1**) is in full force and effect. On information and belief, Defendant has knowledge of Plaintiff's rights in the LEATHERMAN Trademark and is willfully infringing and intentionally using counterfeits of the LEATHERMAN Trademark. Defendant's willful, intentional, and unauthorized use of the

9

LEATHERMAN Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Products among the general public.

31. Defendant's activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known LEATHERMAN Trademark.

33. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

34. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

35. Defendant's promotion, marketing, offering for sale, and sale of Unauthorized Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Unauthorized Products by Plaintiff.

36. By using the LEATHERMAN Trademark in connection with the Unauthorized Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Products.

37. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

38. Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the LEATHERMAN Trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Leatherman Product or is not authorized by Plaintiff to be sold in connection with the LEATHERMAN Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Leatherman Product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the LEATHERMAN Trademark;

    c. committing any acts calculated to cause consumers to believe that Defendant's Unauthorized Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the LEATHERMAN Trademark and damaging Plaintiff's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the Plaintiff's trademarks, including the LEATHERMAN Trademark, or any reproductions, counterfeit copies, or colorable imitations thereof;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as PayPal and eBay (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of counterfeit and infringing goods using the LEATHERMAN Trademark;

3) That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the LEATHERMAN Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark infringement pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the LEATHERMAN Trademark;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 12th day of February 2026.  Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Hannah A. Abes
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
habes@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff Leatherman Tool Group, Inc.*